AB: ADW

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

TROY CONLEY,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

<u>AFFIDAVIT AND COMPLAINT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT</u>

Case No. 19-934 M

(18 U.S.C. § 922(g)(1))

EASTERN DISTRICT OF NEW YORK, SS:

      DEBRA LAWSON, being duly sworn, deposes and states that she is a Detective with the New York City Police Department, duly appointed according to law and acting as such.

      On or about September 18, 2019, within the Eastern District of New York, the defendant TROY CONLEY, knowing that he had been previously convicted in a court of one or more crimes punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting interstate or foreign commerce ammunition, to wit, .380 caliber ammunition manufactured by Cascade Cartridges, Inc.

      (Title 18, United States Code, Section 922(g)(1))

      The source of your deponent's information and the grounds for her belief are as follows:[1]

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest, I have not set forth every fact learned during the course of this investigation.

1. I am a Detective with the New York City Police Department ("NYPD") and have been involved in the investigation of numerous cases involving the recovery of firearms and ammunition. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation. Where I describe the statements of others, I am doing so only in substance and in part.

2. On September 18, 2019, at approximately 9:15 p.m., NYPD officers responded to reports of a shooting at a grocery store located at 3554 Nostrand Avenue in Brooklyn, New York.

3. Upon arriving, the officers spoke with a witness, who stated that two women got into a fight inside of the store, and that after a group of men broke up the fight, he heard several gun shots. The witness said that he immediately took cover and did not see who was shooting.

4. Officers canvassing the area obtained video footage from surveillance cameras situated inside and outside the grocery store. In substance and in part, the video footage depicted the following events:

    a. At approximately 9:00 pm, an individual wearing a grey sweatshirt bearing the words "Invisible Bully" – later identified as TROY CONLEY – entered the store and greeted another individual near the store counter.

    b. Shortly thereafter, two women started to throw punches at each other and wrestled each other to the ground;

  c. CONLEY, an individual wearing a black shirt and black pants ("Individual-1"), and several other men broke up the fight by pulling the two women off of each other;

  d. After Individual-1 and one of the women involved in the fight exited the store, CONLEY shouted in their direction, drew a gun, and fired at least three shots towards the street.

  e. Individual-1 ran away from the store while looking over his shoulder and appeared to raise his arm in the direction of the store and returned fire with his own gun.

  5. Officers observed and recovered several shell casings both inside and outside of the store. The shell casings found inside the store were .380 caliber and the casings found outside the store were .250 caliber. Based on the video surveillance footage and the location of the shell casings, the .380 caliber shell casings appear to have been ejected by the gun fired by CONLEY. Law enforcement later determined that the .380 shell casings came from ammunition manufactured by Cascade Cartridges, Inc.

  6. Law enforcement determined the residential address of one of the individuals involved in the altercation through canvassing of the area. By cross-referencing the address against government records databases, law enforcement confirmed the identity of CONLEY as the man seen in the videos wearing a grey "Invisible Bully" sweatshirt and firing a gun from inside the grocery store on September 18, 2019.

  7. On October 7, 2019, law enforcement took CONLEY into custody and brought him to a police station in the NYPD 61st Precinct. In post-arrest statements, and in sum and substance, CONLEY (1) confirmed that he is the individual wearing a grey

"Invisible Bully" sweatshirt seen on the September 18, 2019 video footage from inside the grocery store; (2) admitted to having fired a gun several times at another individual; and (3) stated that he had disposed of the gun.

8. I have reviewed CONLEY's criminal history, which revealed one felony conviction: a June 14, 2016 conviction in the District of Vermont for conspiracy to distribute heroin, cocaine base, and fentanyl, a felony in violation of 21 U.S.C. § 846.

9. I have conferred with an Interstate Nexus expert with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, who has informed me, in substance and in part, that based on the shell casings recovered from the grocery store, CONLEY fired a gun using .380 caliber ammunition that was manufactured outside the state of New York.

WHEREFORE, your deponent respectfully requests an arrest warrant for the defendant TROY CONLEY so that he may be dealt with according to law.

DEBRA LAWSON
Detective
New York City Police Department

Sworn to before me this
15th day of October, 2019

s/Tiscione

THE HONORABLE STEVEN L. TISCIONE
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK